IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BOARD OF EDUCATION OF THE
LOS ALAMOS PUBLIC SCHOOLS,

       Plaintiff/Appellant/Cross-Appellee/
       Counter-Defendant,

vs.                                                       Civ. No. 08-233 RHS/WDS

JARED DREICER and JANET GRIEGO DREICER
on behalf of Z.D.,

       Defendants/Appellees,

and

JARED DREICER and JANET GRIEGO DREICER,
and JARED DREICER and JANET GRIEGO DREICER,
on behalf of Z.D.,

       Cross-Appellants/Counter-Plaintiffs.

## ORDER

**THIS MATTER** comes before the Court on Defendants' Motion for Consideration of Additional Evidence Pursuant to 29 U.S.C. § 1415(i)(2)(B)(ii) and Memorandum in Support ("Motion for Additional Evidence"), filed October 31, 2008 [docket no. 35].[1]  Having considered the parties' submittals, the relevant authorities and being otherwise advised in the premises, the Court finds that Defendants' motion is not well-taken and will be denied.

*Standard of Review*

---

[1] Defendants are reminded that the local rules of this district provide that a movant "must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied."  D.N.M.LR-Civ. 7.1(a).

The Individuals with Disabilities Education Act ("IDEA" or "Act") provides that a court reviewing an administrative decision:

> shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C. § 1415(i)(2)(B). Despite the IDEA's provision that reviewing courts "*shall* hear additional evidence at the request of a party," courts have not interpreted this language as mandating the acceptance of additional evidence. § 1415(i)(2)(B)(ii) (emphasis added). In this Circuit, a district court:

> applies a modified *de novo* standard in reviewing a hearing officer's decision under the IDEA. It looks at the record of the administrative proceedings and decides, based on a preponderance of the evidence, whether the requirements of the IDEA are met. In so doing, it must give 'due weight' to the hearing officer's findings of fact, which are considered *prima facie* correct. Although the district court may accept additional evidence,[2] such evidence is merely supplemental to the administrative record. The district court's proceedings must maintain the character of review and not rise to the level of a *de novo* trial.

L.B. and J.B. ex rel. K.B. v. Nebo School District, 379 F.3d 966, 973-74 (10th Cir. 2004) (citations omitted).

> When a trial court reviews a hearing officer's decision:
>
> the Act contemplates that the source of the evidence generally will be the administrative hearing record, with some supplementation at trial. The reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding.

---

[2] "The district court must . . . accept and review additional evidence, *if necessary* . . . ." Murray v. Montrose County School District Re-1J, 51 F.3d 921, 927 (10th Cir. 1995) (emphasis added).

Miller ex rel. S.M. v. APS, 455 F.Supp.2d 1286, 1302 (D.N.M. 2006) (citations omitted). "The determination of what is 'additional' evidence must be left to the discretion of the trial court which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial *de novo*." Miller, 455 F.Supp.2d at 1302 (citation omitted).

In addition, "a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources." Miller, 455 F.Supp.2d at 1302 (citing Town of Burlington v. Department of Education, 736 F.2d 773, 791 (1st Cir. 1984)). Finally, "a court should receive additional evidence at the judicial stage of an IDEA proceeding only if the movant provides a particularized and compelling justification for doing so. This showing should include an explanation both as to why the evidence was not presented at the administrative level and why it is probative of the issues before the court." Konkel v. Elmbrook School District, 348 F.Supp.2d 1018, 1022 (E.D.Wis. 2004). In sum, a party seeking to present additional evidence must have a good reason to do so, and cannot be simply attempting to make up for shortcomings in his or her litigation of the administrative proceedings.

*Discussion*

Defendants seek to supplement the administrative record with the following materials: (1) six (6) email communications pre-dating the administrative hearing; (2) five (5) email communications post-dating the administrative hearing; (3) deposition testimony of Mike Hayes, Rick Mai, Karla Crane, and Margaret Ritchie; (4) affidavit of Janet G. Dreicer; (5) Assistive Technology ("AT") Skills Assessment Report, dated June 4, 2008; (6) Functional Vision and

Learning Media Assessment, dated May of 2008; (7) Individualized Education Program ("IEP"), dated May of 2008; and (8) Speech/Voice Output Technology Assessment, dated June of 2008.

Having reviewed the materials proposed as additional evidence by Defendants, the Court finds that supplementation of the record is not required or appropriate at this time. Supplementing the record with the Defendants' proposed materials would run the risk of changing the character of this proceeding from one of review to that of a *de novo* trial. In addition, the Court's consideration of Defendants' evidence regarding events that occurred after the administrative hearing threatens to undercut the role of administrative expertise in reviewing IDEA claims. Finally, and most importantly, the Court concludes that the materials proffered by Defendants are not necessary to insure an adequate review of the administrative decision in this case. Accordingly, the Court will deny Defendants' Motion for Additional Evidence.

WHEREFORE,

IT IS ORDERED that Defendants' Motion for Consideration of Additional Evidence Pursuant to 29 U.S.C. § 1415(i)(2)(B)(ii) and Memorandum in Support [docket no. 35] is **DENIED**.

                                                               */s/ Robert Hayes Scott*
                                                               ROBERT HAYES SCOTT
                                                               UNITED STATES MAGISTRATE JUDGE